IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:24-cv-00016 |
| | ) Judge Aleta A. Trauger |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | |

## MEMORANDUM

Before the court are three motions filed by defendant Portfolio Recovery Associates, LLC ("PRA"): (1) Motion to Deem Requests for Admissions "Admitted" and Compel Responses to Interrogatories and Requests for Production (Doc. No. 93); (2) Motion for Summary Judgment (Doc. No. 97); and (3) Motion to Ascertain Status of Motion for Summary Judgment (Doc. No. 101). As set forth herein, the Motion for Summary Judgment will be granted, and the remaining motions will be denied as moot.

The Local Rules for the U.S. District Court for the Middle District of Tennessee provide that any motion for summary judgment must be accompanied by a supporting memorandum of law and a "separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." L.R. 7.01(a)(2); L.R. 56.01(b). PRA filed its Motion for Summary Judgment on December 20, 2024. In accordance with the Local Rules, the motion was supported by a Memorandum of Law (Doc. No. 98), a Statement of Undisputed Material Facts ("SUMF") (Doc. No. 99), and the evidentiary material that supports each factual statement in the SUMF (Doc. Nos. 99-1 through 99-6, and manually filed flash drive, Doc. No. 100). Each of these

documents includes a Certificate of Service in which PRA's counsel of record attests that he served them via U.S. mail upon the plaintiff at his last known physical address. (*See, e.g.*, Doc. No. 99 at 13.)

The Local Rules further provide that, if the nonmoving party opposes a summary judgment motion, he must serve and file a response to the motion not later than twenty-one days after service of the motion. L.R. 7.01(a)(3); L.R. 56.01(a); *see also* Initial Case Management Order, Doc. No. 86 at 2. At the same time, the nonmoving party must also respond to each factual statement set forth in the moving party's statement of undisputed material facts by either:

(1) Agreeing that the fact is undisputed;

(2) Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or

(3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record.

L.R. 56.01(c). If the nonmoving party fails to file a timely response to the moving party's statement of facts, "the asserted facts shall be deemed undisputed for purposes of summary judgment." L.R. 56.01(f). The deadline for responding has long-since expired, and the plaintiff has not responded to PRA's SUMF, as a result of which the court deems the facts set forth therein to be undisputed.

The plaintiff also has not responded to the Motion for Summary Judgment. The defendant, however, is not entitled to summary judgment solely on the ground that the plaintiff failed to respond. As the Sixth Circuit has repeatedly recognized, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Hanson v. Madison Cnty. Det. Ctr.*, 736 F. App'x 521, 534–35 (6th Cir. 2018); *Evans v. Plummer*, 687 F. App'x 434, 446 (6th Cir. 2017); *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the moving party "always bears the burden of demonstrating the absence of a genuine issue as to a material fact,"

and the district court is required "to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver*, 946 F.2d at 455 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161 (1970)). In addition, under Rule 56(a), even when the material facts are undisputed, the moving party must show that it is "entitled to judgment as a matter of law" based on those facts. Fed. R. Civ. P. 56(a); *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009).

In assessing whether the party moving for summary judgment has satisfied its burden under Rule 56, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of . . . an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that the facts on which the defendant relies are uncontroverted, the court must then decide "whether the facts, as presented by defendants, require[] a determination that they [a]re entitled to judgment as a matter of law." *Id.* at 407.

The court has carefully considered the record in this case and finds that the facts on which the defendant relies are, indeed, uncontroverted in the record as presented to the court. In addition, it is clear, based upon those facts, that the defendant is entitled to judgment as a matter of law on all claims set forth in the plaintiff's Complaint.

Because the defendant is entitled to summary judgment without consideration of the defendant's Requests for Admissions or second set of interrogatories and requests for production

of documents, the defendant's Motion to Deem Requests for Admissions "Admitted" and Compel Responses to Interrogatories and Requests for Production (Doc. No. 93) is now moot. Similarly, the ruling on the defendant's Motion for Summary Judgment renders moot its Motion to Ascertain Status.

    An appropriate Order, granting the Motion for Summary Judgment (Doc. No. 97) and denying the other pending motions as moot, is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge